IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIAM JACKSON (BOP Register No. 54191-177), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-265-M-BN |
| UNITED STATES OF AMERICA, ET. AL., | § § § | |
| Respondents. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Applicable Background

On January 31, 2018, Joshua William Jackson, a federal prisoner, filed a *pro se* Replevin Complaint seeking to recover property he values at $5 billion – described as identification numbers, a date (possibly his birth date), a civil case number, "All Bonds," "Any and all Judgment(s); Lien(s) Levies; Mortgage(s); and Mortgagee(s)," and "Any and all indictment(s) State and Federal." *See* Dkt. No. 3. Attached to the Replevin Complaint (against the United States as "an individual" and several federal

prosecutors) is a proposed "Order to Show Cause Re: Writ of Possession." *See id.* On February 5, 2018, the Court entered a Notice of Deficiency and Order (the "NOD") providing that

> [w]hile Jackson's Replevin Complaint has been docketed as a petition for writ of mandamus, this Court must construe a prisoner's *pro se* filings, no matter how labeled, based on the relief sought. And the United States Court of Appeals for the Fifth Circuit
>
> > has referred to mandamus as a "remedy," *In re First South Sav. Ass'n*, 820 F.2d 700, 706 (5th Cir. 1987), that is available upon proof of certain "elements," *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985). Although such terms suggest that mandamus is a separate action, this circuit has also described the writ as a method of "supervisory control of the district courts." *United States v. Comeaux*, 954 F.2d 255, 261 (5th Cir. 1992). In further support of the notion of mandamus as a form of appeal, a panel of the Fifth Circuit held that a court of appeals must have an independent basis of jurisdiction over the matter because "the writ [of mandamus] must issue 'in aid of' that jurisdiction." *Hamilton v. Morial*, 644 F.2d 351, 354 (5th Cir. 1981).
>
> *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997).
>
> In *Stone*, the mandamus petition "arose out of a § 2255 petition for post-conviction relief." *Id.* at 1034. Here, however, it is not clear if Jackson's mandamus petition is related to an underlying action, which leads the undersigned to construe this action as a civil action against the United States (under the Federal Torts Claim Act ("FTCA")) and employees of the United States (under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). *Cf. Keelen v. F.B.I.*, 78 F. App'x 389, 390 (5th Cir. 2003) (per curiam) (a writ of mandamus "is not available if the petitioner has an alternative remedy," such as "in the form of civil rights actions" (citation omitted)).
>
> Accordingly, Jackson may file an amended complaint that complies with the applicable pleading standards:
>
> > Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A

threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Attached to this order is a form civil rights complaint – prisoner that Jackson must complete, date and sign, and return to the Court no later than **March 7, 2018**. His failure to do so will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

Further, the Court will not screen Jackson's amended complaint, should one be filed, until either (1) the full filing fee ($400.00) is received or (2) he files a proper motion to proceed *in forma pauperis* ("IFP") <u>and attaches to that motion a certificate of inmate trust account</u>.

To remedy this deficiency, also attached to this order is a form application to proceed IFP – prisoner. And it is hereby ORDERED that Jackson must (if he qualifies to proceed IFP) complete and file his IFP motion no later than **March 7, 2018**. But if the Court receives the full filing fee before that time, Jackson may disregard this portion of the order, and the Court will screen his claims as presented in the completed form complaint to be filed. Failure to either pay the filing fee or move to proceed IFP by **March 7, 2018** will also result in a recommendation that the complaint be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b).

Jackson is also CAUTIONED that, as the Prison Litigation Reform Act (the "PLRA") applies to this civil action, under the PLRA, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. [28 U.S.C.] § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL 4930913 (N.D. Tex. Aug. 18, 2015).

Alternatively, if Jackson disagrees with the Court's characterization of his action as one under the FTCA and *Bivens*, he may notify the Court – in writing by **March 7, 2018** – that he intends to pursue mandamus relief. The Court will then screen his mandamus petition as filed under 28 U.S.C. § 1915A. His failure to file this notice in lieu of an amended complaint by **March 7, 2018** may also result in a

recommendation that this action be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b).

Dkt. No. 5.

It is now more than one month past the deadline for Jackson to respond to the NOD – and it is more than two months since he filed this action – and Jackson has yet to comply with the Court's order or otherwise contact the Court.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By not responding to the NOD, as ordered by the Court, and thereby preventing this action from proceeding, Jackson has failed to prosecute his lawsuit and also has failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Jackson decides to comply with the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

-5-

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE